UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JULIE JOHNSON,

    Plaintiff,

v.                                    Case No. 4:21-cv-296-WS/MJF

ERIK JOHNSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Julie Johnson commenced this action seeking the dissolution of her marriage to Defendant Erik Johnson and "full parental and custody rights" of their children. (Doc. 1 at 4, 7). For the reasons set forth below, the undersigned respectfully recommends that this action be dismissed without prejudice for lack of subject-matter jurisdiction.[1]

### I. BACKGROUND

In her complaint, Plaintiff asserts that the basis of the court's subject-matter jurisdiction is a "Federal Question." (*Id.* at 4). In response to the Northern District of Florida's complaint form's instruction to list "the specific federal statutes, federal

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff responded, "Common Law-Dissolution of Marriage." (*Id.*). On July 19, 2021, the undersigned directed Plaintiff to amend her complaint and advised her that she must properly allege a basis for the District Court's subject-matter jurisdiction. The undersigned provided Plaintiff until August 10, 2021, to comply. Despite this opportunity to amend her complaint, Plaintiff has not identified any legitimate basis for the District Court to exercise subject-matter jurisdiction.

## II. Discussion

Rule 8(a)(1) requires that a complaint contain a "<u>short</u> and <u>plain</u> statement of the ground for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Because federal courts are courts of limited jurisdiction, a federal court cannot consider the merits of a case unless and until it is assured of its subject-matter jurisdiction. *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013). "It is the plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim.").

"[D]omestic relations are preeminently matters of state law." *Mansell v. Mansell*, 490 U.S. 581, 587 (1989); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern"). In light of the States' strong interest in matters of domestic relations, federal courts have recognized a "domestic relations" exception when federal courts are asked to exercise jurisdiction in certain cases touching upon familial relations. Specifically, the Supreme Court has concluded that "the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

Here, Plaintiff's request—that the District Court issue a decree of divorce and grant Plaintiff custody of her children—falls squarely within the domestic relations exception. Thus, the District Court does not have subject-matter jurisdiction over the present case, and Plaintiff's claims should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's claims be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

2. The clerk of the court be directed to close the case file.

At Pensacola, Florida this <u>18th</u> day of August, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**